People v Ortiz (2020 NY Slip Op 02939)





People v Ortiz


2020 NY Slip Op 02939


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2012-07704
2012-07705
2012-07706
2013-06636 Ind. Nos. 4089/10, 9378/10, 9411/11, 1801/12

[*1]The People of the State of New York, respondent,
v
Angel Ortiz, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from four sentences of the Supreme Court, Kings County (Patricia DiMango, J.), all imposed July 10, 2012, under Indictment Nos. 4089/10, 9378/10, 9411/11, and 1801/12, respectively, upon his pleas of guilty, on the grounds that the sentences were excessive and the period of postrelease supervision imposed as part of the sentence under Indictment No. 9378/10 was illegal.
ORDERED that the sentences imposed under Indictment Nos. 4089/10, 9411/11, and 1801/12 are affirmed; and it is further,
ORDERED that the sentence imposed under Indictment No. 9378/10 is modified, on the law, by vacating the period of postrelease supervision; as so modified, the sentence is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the imposition of an appropriate period of postrelease supervision in accordance herewith.
As the defendant contends, and the People concede, the 2½-year period of postrelease supervision imposed upon his conviction of criminal possession of a controlled substance in the fifth degree under Indictment No. 9378/10, as a second felony drug offender with a prior violent felony conviction, was illegal (see Penal Law § 70.45[2][c]).
Contrary to the defendant's contention, the remainder of the sentences imposed were not excessive (see People v Suitte , 90 AD2d 80).
Accordingly, we vacate the period of postrelease supervision imposed upon the defendant's conviction of criminal possession of a controlled substance under Indictment No. 9378/10 and remit the matter to the Supreme Court, Kings County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45(2)(c).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court